IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,990-03






EX PARTE MICHAEL SHANE McBRIDE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 19,938 IN THE 253RD JUDICIAL DISTRICT COURT

LIBERTY COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of delivery of a controlled substance, and punishment was assessed at eight
(8) years confinement. No direct appeal was taken.

 Applicant contends that he is eligible for street time credit but has been improperly
denied credit against his sentence for time served on his most recent period of supervised
release.

 The trial court has entered an order concluding "that there are no material, previously
unresolved issues of fact which are material to the legality of Applicant's conviction and
sentence . . . ." However, we disagree. We believe that Applicant has alleged facts that, if
true, might entitle him to relief. See Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App.
2004). Therefore, it is this Court's opinion that additional facts need to be developed and
because this Court cannot hear evidence, the trial court is the appropriate forum. The trial
court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that
it may order affidavits, depositions, or interrogatories from the appropriate officials of the
Texas Department of Criminal Justice, Correctional Institutions Division and Parole
Division, or it may order a hearing. In the appropriate case the trial court may rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has any conviction for an offense that would render him ineligible
for street time credit, and whether on the issuance date of the warrant or summons initiating
the revocation process, the remaining portion of his sentence was greater than the time spent
on supervised release. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus. The trial court shall supplement the habeas record with copies of all
documents upon which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF March, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.